# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOSHUA L. FOLKERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 10 C 4981 |
| ) | Judge Marvin E. Aspen |
| PENNSYLVANIA HIGHER EDUCATION ) | |
| ASSISTANCE FOUNDATION, ET AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Marvin E. Aspen, District Judge:

Plaintiff Joshua L. Folkers filed a four-count complaint against defendants, Pennsylvania Higher Education Assistance Agency ("PHEAA"), TransUnion LLC ("Transunion"), Experian Information Solutions, Inc. ("Experian"), and Equifax Information Services LLC ("Equifax"), alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. Presently before us is PHEAA's motion to dismiss for failure to state a claim. For the reasons below, we grant PHEAA's motion in part and deny it in part.

## BACKGROUND

In January 2008, Plaintiff received phone calls and letters from Defendant PHEAA regarding payment due for a student loan. (Compl. ¶ 12.) PHEAA serviced three of Plaintiff's student loans, but only contacted Plaintiff regarding one of them, since PHEAA records showed the others were deferred due to Plaintiff's continuing enrollment in school. (*Id.* ¶ 13.) On January 31, 2008, Plaintiff began disputing that he owed payment on a loan serviced by PHEAA. (*Id.* ¶ 14.) Through the rest of 2008 and 2009, Plaintiff continued to contest that he owed money on the disputed loan, which he alleged should have been in deferral, and PHEAA continued to

attempt to collect. (*Id.* ¶¶ 15–45.) Over the course of these interactions, PHEAA requested multiple times that Plaintiff instruct his schools to forward enrollment information in order to update Plaintiff's disputed account. (*Id.* ¶¶ 16–18, 24–25, 30, 34.) Plaintiff alleges that following these requests, he contacted the schools he was attending and requested they send information verifying his enrollment to PHEAA. (*Id.* ¶¶ 16, 18, 24, 26, 28, 36.) The date by which Plaintiff alleges that these schools complied with his request was September 18, 2009, when PHEAA confirmed that it had received enrollment verification from Phoenix College. (*Id.* ¶ 37.)

Upon receiving confirmation from PHEAA that it had received the enrollment verification, Plaintiff learned from a PHEAA representative that his loan status would be updated. (*Id.*) A few days later, PHEAA notified Plaintiff by letter that "records verify that the unfavorable information was reported accurately in accordance with the Fair Credit Reporting Act." (*Id.* ¶ 38.) Plaintiff continued to request that the negative items be removed from his account. (*Id.* ¶¶ 39–42.) On November 19, 2009, Plaintiff wrote a dispute letter to Defendant Experian requesting the negative credit reporting be removed. (*Id.* ¶ 43.) Experian contacted PHEAA, which verified the negative reports were accurate. (*Id.* ¶ 49.) In December 2009, Plaintiff contacted Transunion to dispute the negative information from PHEAA and requested it be removed. (*Id.* ¶ 46.) Transunion contacted PHEAA, which verified the negative reports were accurate. (*Id.* ¶¶ 55, 95.) In March 2010, Plaintiff wrote dispute letters to Equifax, Experian, and Transunion. These Defendants then contacted PHEAA, which verified his account as accurate to them as well. (*Id.* ¶¶ 79, 95, 102, 110.) Plaintiff alleges that "[PHEAA] continues to

report the negative information even though it has actual knowledge that the loan should have been categorized as deferred . . . ." (*Id.* ¶ 92.)

On August 9, 2010, Plaintiff filed the instant action against Transunion, Experian, Equifax, ("Credit Reporting Agencies") and PHEAA, alleging violations of the FCRA. In Counts I through III, Folkers alleges that each of the Credit Reporting Agencies violated the FCRA by failing to maintain reasonable procedures to assure the accuracy of his credit report. In Count IV, Plaintiff alleges that PHEAA failed to conduct a reasonable investigation into the accuracy of the disputed credit information that PHEAA provided to Credit Reporting Agencies in violation of 15 U.S.C. § 1681s-2. Plaintiff further alleges that, following PHEAA's reinvestigation of the disputed information, it was aware the information was inaccurate but verified it anyway. Finally, Plaintiff alleges that PHEAA failed to put in place procedures to complete an adequate reinvestigation of the disputed credit information. Defendant PHEAA now moves to dismiss all claims against it.

## STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is meant to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). A court may grant a motion to dismiss under Rule 12(b)(6) only if a complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007); *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50 (2009) (extending *Twombly* from antitrust to litigation generally and stating that a court's determination "whether a complaint states a plausible claim for relief will . . . be a context-specific task"); *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614,

618–19 (7th Cir. 2007); *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

Although a facially plausible complaint need not give "detailed factual allegations," it must allege facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964–65. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. These requirements ensure that the defendant receives "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964; *see also* Fed. R. Civ. P. 8(a). In evaluating a motion to dismiss, we must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Iqbal*, 129 S. Ct. at 1949–50; *Thompson v. Ill. Dep't. of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002).

## ANALYSIS

**A.     Claims Pursuant to § 1681s-2(a)**

Plaintiff brings several claims against PHEAA pursuant to 15 U.S.C. § 1681s-2(a). (Compl. ¶¶ 135–37.)[1] As PHEAA points out, Congress limited enforcement of § 1681s-2(a) to federal or state government officials. *Rollins v. Peoples Gas Light & Coke Co.*, 379 F. Supp. 2d 964, 967 (N.D. Ill. 2005) ("It is undisputed that there is no private right of action under § 1681s-

---

[1] PHEAA's reading of the Complaint is that Plaintiff alleges PHEAA violated § 1681s-2(a). (Mot. ¶ 2.) Plaintiff later contends that he "does not allege violations of [§ 1681s-2(a)]." (Resp. at 2 n.1.) However, a reading of the Complaint on its face indicates that Plaintiff does, in fact, allege such violations. (Compl. ¶¶ 135–37.) Therefore, we review the sufficiency of these allegations here.

2(a)."); *Powell v. Greentree*, No. 08 C 00097, 2009 WL 700650, at *5 (N.D. Ill. Mar. 16, 2009); *see also* 15 U.S.C. § l681-2(c)–(d); *Perry v. First Nat'l Bank*, 459 F.3d 816, 822 (7th Cir. 2006). Consequently, even if Plaintiff could prove a violation of § 1681s-2(a), it is not actionable in this private lawsuit. Therefore, we dismiss all of Plaintiff's claims against PHEAA pursuant to § 1681s-2(a) and will focus on Plaintiff's allegations under § 1681s-2(b).

**B.      Failure to Put in Place Adequate Reinvestigation Procedures**

Plaintiff alleges that PHEAA negligently and willfully failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s-2(b), 1681o, and 1681n. (Compl. ¶ 138.) Under these sections, a furnisher of credit information is required to conduct a reasonable investigation. However, there is no separate requirement for a data furnisher to put in place procedures to complete an adequate reinvestigation. *See* 15 U.S.C. §§ 1681s-2(b), 1681n, 1681o. Therefore, we will not analyze these allegations as part of an independent claim, but rather as facts supporting Plaintiff's claim that PHEAA failed to conduct a reasonable investigation.

**C.      Failure to Conduct a Reasonable Investigation**

The FCRA was enacted in part to require that consumer reporting agencies adopt reasonable procedures to ensure the accuracy of the information contained in a consumer's credit report. *See* 15 U.S.C. § 1681(b). The FCRA imposes certain duties on consumer reporting agencies as well as on entities that furnish information to credit reporting agencies. *Id.* § 1681s-2. Plaintiff claims that PHEAA is a "furnisher of information" as that term is defined in the FCRA. (Compl. ¶ 7.) When a consumer reporting agency notifies the furnisher of information of a dispute with regard to the completeness or accuracy of information furnished by a provider,

the provider has a duty to conduct an investigation as to the disputed information, review all relevant information provided to it by the consumer reporting agency, and report the results of the investigation to the consumer reporting agency. 15 U.S.C. § 1681s-2(b)(1)(A)–©; *Mann v. Experian Info. Solutions*, No. 02 C 07694, 2004 WL 432498, at *2 (N.D. Ill. Feb. 19, 2004). If the information is found to be incomplete or inaccurate, the provider must report the results to all consumer reporting agencies to which it provided the information and, as appropriate, modify, delete, or permanently block the information. 15 U.S.C. § 1681s-2(b)(1)(D)–(E). The entity furnishing the information must satisfy these requirements within thirty days of its receipt of the notice of the dispute. *Id.* § 1681s-2(b)(2). If the entity furnishing the information negligently or willfully fails to comply with the FCRA, it is liable to the consumer about whom it provided information. *Id.* §§ 1681n, 1681o.

We first examine whether Plaintiff states a claim that PHEAA failed to conduct a reasonable investigation into his disputes. PHEAA argues that Plaintiff never expressly pleads that it failed to conduct a reasonable investigation. (Mem. at 7.) In deciding a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), we consider the allegations in the complaint to be true and view all well-pleaded facts and any reasonable inferences drawn from the facts in the light most favorable to the plaintiff. *Dornhecker v. Ameritech Corp.*, 99 F. Supp. 2d 918, 924 (N.D. Ill. 2000). For the purposes of this motion, it is reasonable to infer from the Complaint that Plaintiff alleges that PHEAA failed to conduct a reasonable investigation with respect to the disputed information. (Compl. ¶¶ 133–38.)

A duty to investigate a credit information dispute is not triggered until a credit reporting agency notifies the furnisher of information that credit information is disputed. *Dornhecker*, 99

F. Supp. 2d at 928–29. PHEAA cites *Dornhecker* in support of its contention that it is beyond question that it conducted a reasonable investigation. (Mem. at 9.) In *Dornhecker*, the court granted a motion to dismiss for failure to state a claim because the plaintiff failed to allege that the furnisher of information had received notice from a consumer reporting agency that the credit information was disputed. *Id.* That is not the case here. Plaintiff alleges that he contacted Credit Reporting Agencies to challenge the contested information and that they forwarded his disputes to PHEAA, which verified that the information was accurate. (Compl. ¶¶ 43, 46, 49, 55, 79, 95, 102, 110.)

Having resolved these preliminary issues, we now consider whether the Complaint plausibly alleges that PHEAA failed to conduct a reasonable investigation. The determination of the reasonableness of PHEAA's procedures for conducting its investigations is treated as a factual question even when the underlying facts are undisputed. *Crabill v. Trans Union*, 259 F.3d 662, 664 (7th Cir. 2001). It is improper to decide such a factual issue on a motion to dismiss or at summary judgment "unless the reasonableness or unreasonableness of the procedures is beyond question." *See id.* As PHEAA argues, Plaintiff's allegations that PHEAA "reported the erroneous credit information with actual knowledge of errors, . . . reported credit information that was not in fact accurate, . . . and failed to notify the consumer reporting agencies to whom it reported credit information that the debt was disputed" do not represent separate causes of action. (Compl. ¶¶ 135–37.) Regardless, these allegations are relevant to our examination of whether or not PHEAA's investigation was reasonable under § 1681s-2(b).

For purposes of this motion, Plaintiff sufficiently alleges that PHEAA negligently and willfully failed to comply with its responsibility under the FCRA to conduct a reasonable

investigation into Plaintiff's credit information dispute.  Reading the facts alleged in a light most favorable to Plaintiff, after receiving notice from Credit Reporting Agencies that the information was in dispute, PHEAA investigated the claim and—despite "actual knowledge of errors"—verified "the erroneous credit information."  (Compl. ¶ 135.)  Accepting these facts as true, PHEAA failed to report and rectify inaccurate or incomplete information to Credit Reporting Agencies and thus did not meet its obligation to conduct a reasonable investigation.  15 U.S.C. § 1681s-2(b)(1)(D)–(E).  Therefore, we deny PHEAA's motion to dismiss the reasonable investigation claim brought under § 1681s-2(b).

## CONCLUSION

For the foregoing reasons, Defendant PHEAA's motion to dismiss is granted in part and denied in part.  It is so ordered.

_____
Honorable Marvin E. Aspen
U.S. District Court Judge

Date: January 18, 2011